Singh v. Lynch

BIA
Nelson, IJ
A200 770 773

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

VARINDER SINGH,
> *Petitioner,*

v.                                              15-246
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Law Office of
                         Jaspreet Singh, Jackson Heights,
                         New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Attorney General; Anthony
                         P. Nicastro, Acting Assistant
                         Director; Joanna L. Watson, Trial
                         Attorney; Sandy R. Pineda, Law

Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Varinder Singh, a native and citizen of India, seeks review of a December 31, 2014, decision of the BIA affirming a March 20, 2013, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Varinder Singh,* No. A200 770 773 (B.I.A. Dec. 31, 2014), *aff'g* No. A200 770 773 (Immig. Ct. N.Y. City Mar. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in finding that Singh failed to establish past persecution or a well-founded fear of persecution in India. Singh asserted that he was threatened in India as a Sikh and because of his political support for the Shiromani Akali Dal Amritsar ("SADA") party.

A past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In evaluating a past persecution claim, the agency considers the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency did not err in finding that Singh's experiences in India did not constitute persecution. Singh's claim of past persecution rested on unfulfilled threats directed at him and his uncle after political rallies in India and harm that his father suffered when Singh was a child. These incidents, even considered cumulatively, do not constitute persecution of Singh. *See Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d

3

Cir. 2006) (recognizing that unfulfilled threats do not amount to persecution).

Singh argues that the agency failed to consider his age at the time he received the threats. "[A]ge can be a critical factor in the adjudication of asylum claims and may bear heavily on the question of whether an applicant was persecuted or whether she holds a well-founded fear of future persecution." *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006) (quoting *Liu v. Ashcroft*, 380 F.3d 307, 314 (7th Cir. 2004)). The IJ was aware, however, of Singh's age when he was purportedly threatened, and Singh does not further explain how or why his perspective as a teenager requires a finding of past persecution. *Cf. Jorge-Tzoc*, 435 F.3d at 150 (remanding, in a case where past harm occurred when applicant was seven, for IJ to consider "harms . . . cumulatively and from the perspective of a small child").

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). That fear must be both subjectively credible and objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an

4

applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). "An alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The agency did not err in finding that Singh failed to establish a well-founded fear of persecution on account of his religion or political opinion.

First, the agency reasonably gave diminished weight to Singh's letters from family, friends, and the SADA party, because they were largely from interested witnesses and provided conclusory assertions and little detail regarding the possibility of harm to Singh. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses

5

not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Further, Singh testified that his father returned to India in 2011 and did not present any evidence that he had encountered problems as a Sikh or a SADA supporter. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding alleged future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best"). Accordingly, as the agency concluded, Singh failed to establish a reasonable possibility that he will be singled out for persecution. *See Hongsheng Leng*, 528 F.3d at 142-43.

Moreover, the agency did not err in determining that Singh failed to establish a pattern or practice of persecution of similarly situated individuals. *See id.* The IJ reasonably concluded that the country conditions evidence reflected that Sikhs had "significant problems" in the 1980s, but not that those problems persisted. The 2010 U.S.

Department of State Human Rights Report described serious human rights violations against Sikhs between 1984 and 1994, but identified no current threats to the Sikh community. Singh's additional evidence consisted of newspaper articles that addressed only the situation in the 1980s and instances of voter fraud. The IJ reasonably determined that this evidence was insufficient to demonstrate systemic or pervasive harm that rose to the level of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009); *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

Accordingly, we find no error in the agency's conclusion that Singh failed to demonstrate past persecution or a well-founded fear of persecution on account of his political opinion or religion. These conclusions are dispositive of the claims for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk